[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 29, 2011
JOHN LEY
CLERK

No. 10-14768
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00065-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY THOMAS BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 29, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jeffrey Thomas Bryant appeals the 78-month sentence he received after

pleading guilty to two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). His sentence reflects a 27-month upward departure, imposed pursuant to U.S.S.G. § 4A1.3(a). On appeal, Bryant argues that his sentence is substantively unreasonable.

We review sentences for reasonableness under a deferential abuse-of discretion-standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). The burden of demonstrating unreasonableness lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). We find a sentence substantively unreasonable if, after considering the totality of the facts and circumstances, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *See United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc), *cert. denied*, 131 S. Ct. 1813 (2011). That a sentence falls below a statutory maximum penalty is an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (noting that the defendant's sentence was well below the statutory maximum when upholding the sentence as substantively reasonable). Extraordinary circumstances are not required to justify a sentence outside the Guidelines range. *See Gall*, 552 U.S. at 47.

Bryant's 78-month sentence is substantively reasonable. The district court considered his criminal history, which included thirty-one criminal convictions. His criminal-history category did not account for six occasions on which Bryant was convicted for serious offenses. Additionally, Bryant used marijuana while on pre-trial release, and then attempted to hide that fact by providing fake urine for a drug test. In light of Bryant's history, the district court found that the public should be protected from Bryant's likelihood of future criminal conduct. The district court also considered the § 3553(a) factors after hearing arguments from both parties. Finally, Bryant's sentence is below the statutory maximum of ten years. Under these facts and circumstances, Bryant has failed to demonstrate that the district court committed a clear error of judgment. Accordingly, we affirm.

**AFFIRMED.**